UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20170-CIV-O'SULLIVAN

DIOMEDES CABRERA and all other
similarly situated under 29 USC 216(B),

      Plaintiff,

vs.

27 of MIAMI CORPORATION d/b/a
AUTO WORLD OF MIAMI,
MARIALINA MARTINEZ,
AMBROSINA S. MARTINEZ,

      Defendants.

_____/

## **ORDER**

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss
and for Other Relief and Memorandum of Law in Support thereof Pursuant to Rule
12(b)(1) and (6) and Response to Plaintiff's Statement of Claim.  (DE# 22; 5/11/09).
The parties consented to magistrate judge jurisdiction over all matters in this case,
including the resolution of any motions to dismiss.  (DE# 18; 4/08/09).  The Honorable
Patricia Seitz, United States District Judge for the Southern District of Florida, referred
the matter to the undersigned on April 9, 2009.  (DE# 19).  Having reviewed the
applicable filings and the law, it is

ORDERED AND ADJUDGED that, for the reasons set forth below, the
Defendants' Motion to Dismiss and for Other Relief and Memorandum of Law in
Support thereof Pursuant to Rule 12(b)(1) and (6) and Response to Plaintiff's
Statement of Claim (DE# 22; 5/11/09) is **DENIED** without prejudice to raise the issues

in a motion for summary judgment after discovery is conducted.

## BACKGROUND

On January 21, 2009, the plaintiff filed a complaint against the defendants for unpaid overtime wages under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., and to recover negligence damages for a personal injury based on _Fla. Stat._ § 440.11. See Plaintiff's Complaint (DE# 1; 1/21/09). On February 6, 2009, the plaintiff filed an Amended Complaint against the defendants adding a claim for retaliatory discrimination and discharge under the FLSA, 29 U.S.C. § 215(A)(3). See Plaintiff's Amended Complaint (DE# 4; 2/06/09). The defendants filed the instant motion, the Defendants' Motion to Dismiss and for Other Relief and Memorandum of Law in Support thereof Pursuant to Rule 12(b)(1) and (6) and Response to Plaintiff's Statement of Claim. (DE# 22; 5/11/09). In support of their motion, the defendants filed the affidavits of Marialina Martinez, Lazaro Martinez, Victoria Triana, and Ambrosina Martinez, as well as a UCT-6. See Defendants' Motion to Dismiss Amended Complaint (DE# 22-2, Ex. B-E; 5/11/09). The plaintiff filed his response (DE# 24; 5/11/09), and the defendants filed their reply. (DE# 28; 5/19/09). Without leave of Court, the plaintiff filed a sur-reply. (DE# 29, 5/20/09). The Court granted the defendants' request for leave to file a response to the plaintiff's sur-reply. (DE# 31; 6/01/09). The defendants filed their Response to Plaintiff's Sur-Reply. (DE# 30; 5/29/09).

## STANDARD OF REVIEW

The defendants move to dismiss this action for lack of subject matter jurisdiction. The crux of the defendants' motion is that individual or enterprise coverage is jurisdictional and that the plaintiff has failed to meet the burden of establishing either form of coverage. Alternatively, the defendants assert that the causes of action fail to state a claim upon which relief can be granted.  The defendants also argue that they are exempt from the FLSA because the employees of their business are related and the other individuals, including the plaintiff, are independent contractors.  Additionally, the defendants argue that no individual coverage exists because the plaintiff was not engaged in interstate commerce or in the production of goods and that such production was not for interstate commerce.  See Motion to Dismiss at p. 8 ¶¶ 19-21.

I. Standard of Review Applicable to Dismissal for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2002). "When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56."  Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

The Eleventh Circuit has cautioned, however, that "the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the*

3

*merits of plaintiff's cause of action*.'" Id. (quoting Garcia v. Copenhaver, Bell &

Associates, 104 F.3d 1256, 1261 (11th Cir. 1997)) (emphasis in original).  "[J]urisdiction

becomes intertwined with the merits of a cause of action when 'a statute provides the

basis for both the subject matter jurisdiction of the federal court and the plaintiff's

substantive claim for relief.'" Id. at 926 (quoting Sun Valley Gasoline, Inc. v. Ernst

Enters., 711 F.2d 138, 139-40 (9th Cir. 1983)).  If a jurisdictional challenge implicates

the merits of the underlying claim, then: "[T]he proper course of action for the district

court is to find that jurisdiction exists and deal with the objection as a direct attack on

the merits of the plaintiff's case."  Morrison, 323 F.3d at 925 (quoting Garcia v.

Copenhaver, Bell & Associates, 104 F.3d 1256, 1261 (11th Cir. 1997)) (ellipses

omitted).

II.  Standard of Review for Dismissal for Failure to State a Claim

       Alternatively, the defendants assert that the plaintiff's complaint fails to state a

claim upon which relief can properly be granted in the plaintiff's favor.  Rule 12(b)(6) of

the Federal Rules of Civil Procedure allows for dismissal of a case for failure to state a

claim upon which relief can be granted.   See Fed. R. Civ. P. 12(b)(6).  To state a cause

of action, a complaint must contain "a short and plain statement of claim showing that

the pleader is entitled to relief" and "a demand for the relief sought, which may include

relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  In deciding a

motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's

complaint and the attached exhibits.  Grossman v. Nationsbank, 225 F.3d 1229, 1231

(11th Cir. 2000).  The Court must also accept the plaintiff's well pled facts as true and

construe the complaint in the light most favorable to the plaintiff.  Caravell v. American

4

Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)).  A motion to dismiss a complaint should not be granted if the factual allegations are "enough to raise a right to relief above the speculative level."  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  Nevertheless, a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id.

The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scheuer, 468 U.S. 183 (1984); Taylor v. Ledbetter, 818 F.2d 791, 794 n.4 (11th Cir. 1987), *cert. denied*, 489 U.S. 1065 (1989).  It is only "when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action [that] dismissal of the complaint is appropriate."  Excess Risk Underwriters, Inc. v. LaFayette Life Ins. Co., 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)).

## ANALYSIS

I.  The Court Has Subject Matter Jurisdiction over the FLSA Claim (Count 1)

Pursuant to Fed. R. Civ. P. 12 (b)(1), the defendants seek dismissal of the plaintiff's claim for unpaid overtime wages under the FLSA (Count I) on the ground that the Court lacks subject matter jurisdiction over the claim.  The Eleventh Circuit has recognized that "it is extremely difficult to dismiss a claim for lack of subject matter

5

jurisdiction."  Garcia v. Copenhaver, Bell & Associates, 104 F.3d 1256, 1260 (11th Cir. 1997) (citation omitted).  In the motion to dismiss, the defendants presented a "factual" attack on the Court's subject matter jurisdiction by relying on the affidavits of Marialina Martinez, Lazaro Martinez, Victoria Triana, and Ambrosina Martinez as well as the UCT-6 filing.  See (DE# 9, p.9 at ¶24, 5/11/09).  In their reply, the defendants argue that the motion should be granted because the plaintiff failed to rebut the defendants' evidence.  Because the undersigned is unwilling to exercise the Court's discretion to convert the motion to dismiss into a motion for summary judgment, the plaintiff has no obligation to submit rebuttal evidence on the motion to dismiss.  The defendants' reliance on Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008), to suggest otherwise is misplaced.

Under the overtime provision of the FLSA from which the plaintiff's claim arises, a plaintiff employee must show that he was either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage), or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage).  29 U.S.C. § 207(a).  See Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, 881 (11th Cir. 2008).  The defendants contend that this Court's reasoning in Jimenez v. Southern Parking, Inc., etc. et al, No. 07-23156-Civ O'Sullivan, 2008 WL 4279618 (S.D. Fla.  Sept. 16, 2008), precludes a finding of either individual or enterprise coverage under the FLSA in the instant matter and that as a result, the Court does not have subject matter jurisdiction over the overtime claim.  See (Defs.' Motion to Dismiss at p.3) In Jiminez, however, the undersigned analyzed the issues of individual and enterprise coverage under the FLSA presented in a motion for summary judgment.

6

Unlike <u>Jiminez</u>, the issues raised by the defendants' motion are subject to the standard of review on a motion to dismiss, which is more restrictive.  The Court is not inclined to convert the motion to dismiss into a motion for summary judgment at this time.

In <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006), the Supreme Court emphasized that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief - a merits-related determination."  <u>Arbaugh</u>, 546 U.S. at 511(quoting 2 James Wm. Moore et al., <u>Moore's Federal Practice</u> §12.30[1] (3d ed. 2005)).  In <u>Turcios</u>, the Eleventh Circuit reversed a district court dismissal of an FLSA claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  <u>See</u> <u>Turcios</u>, 275 F. Appx. at 879.  The district court in <u>Turcios</u>, relying on its authority under Rule 12(b)(1) to make findings of fact relating to subject matter jurisdiction, concluded that the plaintiff had failed to establish enterprise coverage.  <u>Id.</u> at 882.

The FLSA provides the scope of enterprise coverage by defining an "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that (1) "has two or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. . .," and (2) has an "annual gross volume of sales made or business done that is not less than $500,000 . . . ."  29 U.S.C. § 203(s)(1)(A).  In <u>Turcios</u>, the Eleventh Circuit found that the section of the FLSA that provides substantive relief, 29 U.S.C. § 207(a)(1), is intertwined with and dependent on the section of the FLSA that defines the scope of enterprise coverage under the FLSA, 29 U.S.C. § 203(s)(1)(A).  <u>See</u> <u>Turcios</u> 275 F. Appx. at 882.

In <u>Turcios</u>, the Eleventh Circuit determined that the proper course of action for the

district court would be to find that jurisdiction exists, treat the challenge to enterprise

coverage as an attack on the merits of the case, and resolve the motion applying the

standards applicable to a motion for summary judgment under Rule 56.  <u>See</u> <u>Id.</u> at 882

n. 5, 883 (acknowledging that <u>Chao v. Hotel Oasis, Inc.</u>, 493 F.3d 26 (1st Cir. 2007),

found that enterprise coverage under the FLSA was not actually jurisdictional in light of

the Supreme Court's ruling in <u>Arbaugh</u>).  In <u>Turcios</u>, the Eleventh Circuit declined to

decide the issue of whether enterprise coverage under the FLSA is jurisdictional. <u>Id.</u>

The Court is persuaded by <u>Chao</u>'s application of the <u>Arbaugh</u> holding to FLSA

cases.[1]  Section 216 of the FLSA states, in part, that:

> [a]n action . . . may be maintained against any employer (including a
> public agency) in any Federal or State court of competent jurisdiction by
> any one or more employees for and in behalf of himself or themselves
> and other employees similarly situated.

29 U.S.C. § 216(b).  Nothing in 216(b) or any other provision of the FLSA indicates that

Congress intended that the individual coverage or enterprise coverage restrictions be

---

[1]Several other courts have applied the <u>Arbaugh</u> holding in the context of the FLSA.  <u>See</u> <u>Branham v. Halsted Home Rental, LLC</u>, No. 07-1133-M, 2008 WL 1745825, *2 (W.D. OK Apr. 11, 2008) (denying motion to dismiss under Rule 12(b)(1) finding that the FLSA allegations in the amended complaint were elements of the plaintiffs' claims for relief, not a jurisdictional issue); <u>Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.</u>, No. 08:07-cv-2359-T-23TGW, 2008 WL 793660, *1 n. 2 (M.D. Fla. Mar. 24, 2008) ("the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction); <u>Jiang v. Lee's Happy House</u>, No. C07-03606, 2007 WL 3105087, *3 (N.D. CA Oct. 23, 2007) (finding "there is nothing in the statutory provisions on which the defendants rely that plainly expresses a Congressional intent for those provisions to be jurisdictional. It may very well be that to prevail on his FLSA claim, [the plaintiff] will have to plead and prove the [defendant] falls within those provisions, but the Court has jurisdiction to hear the claim, whether or not [the plaintiff] ultimately can prevail.").

8

jurisdictional.  Further, individual and enterprise coverage are laid out in the definition section of the FLSA, just as the numerosity requirement is laid out in the definition section of Title VII.  See 29 U.S.C. § 203(s)(1)(A); 42 U.S.C. §2000e(b).  Therefore, a challenge by the defendants as to whether there is individual or enterprise coverage speaks to the merits of the plaintiff's case, rather than the Court's jurisdiction over it. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The Court properly has jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331.  As such, the defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as to unpaid overtime (Count I ) of the plaintiff's Amended Complaint (DE #4) is **DENIED**.

II. The Plaintiff's Claim for Unpaid Overtime Wages (Count I) States a Claim upon which Relief Can Be Granted.

The Court must address the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the FLSA claim (Count I ) for failure to state a claim upon which relief can be granted.  The plaintiff, in his amended complaint, alleged that he worked an average of fifty-four (54) hours per week for the period from October 20, 2008 through January 20, 2009 and further that he was not paid overtime during that period.  See Amended Complaint (DE# 4 at ¶¶11,13; 2/06/09).  The plaintiff also contends in his amended complaint that his work for the defendants affected interstate commerce for the relevant period and that he was of the belief that the defendants grossed over $500,000 annually.  Id. at ¶10.  The amended complaint provides the plaintiff's rate of pay, hours per week worked, and dates of employment.  (DE# 4 at ¶¶ 10-12; 2/6/09).  The

defendants contend that the plaintiff's allegations are conclusory and insufficient to establish that the defendants are employers under the FLSA.  See (DE #22; 5/11/09). The Court finds that the allegations in the Amended Complaint satisfy the notice pleading requirement of Fed. R. Civ. P. 8 and give the defendants fair notice of the grounds upon which the plaintiff's claims rest.

The FLSA states that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Accepting the plaintiff's well pled facts as true and construing the amended complaint in the light most favorable to the plaintiff, the Court finds that the plaintiff has stated a claim upon which relief can be granted in Count I.  See Caravell v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D.  Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)).

The defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted with respect to Count I (unpaid overtime) of the plaintiff's Amended Complaint (DE #4) is **DENIED**.

A.  The Statutory Exemptions Are Outside the Scope of Review on a Motion to Dismiss.

In their motion, the defendants assert several statutory exemptions that would preclude the plaintiff from recovery under the FLSA: 1) that the plaintiff was an

independent contractor and therefore a non-eligible employee under the FLSA; 2) that the FLSA has an exemption for mechanics under 29 U.S.C. § 213(b)(10); and 3) that the defendants employ only close family members and would therefore be exempt from enterprise coverage under 29 U.S.C. §203(s)(2).  See Defendant's Motion to Dismiss (DE# 22 at ¶¶ 24, 27; 5/11/09); Affidavit of Marialina Martinez (DE #22-2, Exhibit B, p. 3 at ¶6; 5/11/09).  Because the Court's analysis is limited to the four corners of the plaintiff's complaint, these exemptions are outside the scope of what the Court may consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Grossman v. Nationsbank, 225 F.3d 1229, 1231 (11th Cir. 2000).  As such, the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss based upon statutory exemptions is **DENIED** with respect to Count I of the plaintiff's Amended Complaint (DE# 4; 2/06/09).

      B.  External Evidence Is Not Proper for Consideration on a Motion to Dismiss.

The defendants have presented matters outside of the pleadings in the form of affidavits by Marialina Martinez, Lazaro Martinez, Victoria Triana, and Ambrosina Martinez.  See Defendant's Motion to Dismiss Amended Complaint (DE #22, Ex. B-E; 5/11/09).  Rule 12(d) of the Federal Rules of Civil Procedure states that:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  "Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is hereby converted into a Rule 56 Summary Judgment motion."  Trustmark Ins. Co. V. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).  The presentation of matters outside of the pleadings, however, does not mandate a

11

conversion of a motion to dismiss into a motion for summary judgment as long as the court does not consider the matters outside the pleadings.  See Austin v. Modern Woodman of America, 275 Fed. Appx. 925 (11th Cir. 2008) (finding no reversible error when the district court failed to treat defendants' motions to dismiss as motions for summary judgment, despite inclusion of affidavits by both parties, because the court did not consider the matters that were outside the pleadings).  Having not considered the affidavits or exhibits attached to the pleadings, the Court is not required to convert the defendants' motion to dismiss into a motion for summary judgment, nor will it exercise its discretion to do so.  See Jones v. Auto. Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990); see also Dawkins v. Picolata Produce Farms, Inc., 2005 WL 3054054 at *2 (M.D. Fla.  Nov. 15, 2005).

III.  The Court Has Jurisdiction over the Plaintiff's Negligence Claim (Count II)

The Court must next determine if it can maintain jurisdiction over the plaintiff's negligence claim, which falls under Florida state law.  The Court has jurisdiction over the plaintiff's original claim under the FLSA pursuant to 28 U.S.C. § 1331.  The doctrine of supplemental or pendant jurisdiction authorizes this Court to exercise jurisdiction over the plaintiff's state law negligence claim.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  The Eleventh Circuit has articulated a two fold inquiry to determine whether a jurisdictional basis exists to support a plaintiff's state law claim in federal court.  See Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).  First, the Court must decide whether it has the power to hear the state law claims.  Second, the Court must decide in its discretion if it will retain jurisdiction over the state law claims.  See Id. (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725-

12

726 (1966)); 28 U.S.C. §§ 1367(a) and (c).

The authority for the Court to assert its power to hear state law claims resides within 28 U.S.C. § 1367(a), which provides in part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).  "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."  Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006); see Gibbs, 383 U.S. 715, 725; Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994).  In the instant matter, the undersigned finds that the plaintiff's negligence claim against the defendants shares a common nucleus of operative fact with its overtime claim under the FLSA such that they form part of the same case or controversy.  Both claims involve similar witnesses, presentation of similar evidence, and the determination of very similar facts.  Thus, in the interest of judicial economy, the Court is within its power to maintain jurisdiction over the plaintiff's negligence claim.

Having determined that the Court has the power to hear the plaintiff's negligence claim arising under Florida law, it is left to determine whether the Court will exercise its discretion to do so.  There are four (4) instances in which the Court, in its discretion, may decline to exercise supplemental jurisdiction over a claim.  See 28 U.S.C. § 1367(c).  These four (4) instances, codified in 28 U.S.C. § 1367(c), are as follows:

(1) the claim raises a novel or complex issue of State law,

13

(2) the claim substantially predominates over the claim or claims over
which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original
jurisdiction, or
(4) in exceptional circumstances there are other compelling reasons for
declining jurisdiction.

28 U.S.C. § 1367(c).  "Any one of the section 1367(c) factors is sufficient to give the

district court discretion to dismiss a case's supplemental state law claims."  Parker, 468

F.3d at 743.  At this time, the Court finds no compelling reason to decline exercising its

pendant jurisdiction over the plaintiff's negligence claim.  See 28 U.S.C. § 1367(c)(4).

The defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss Count II (negligence) of the

plaintiff's Amended Complaint (DE# 4) is **DENIED**.

IV.   Subject Matter Jurisdiction Exists and the Plaintiff's Retaliation Claim (Count III)
        States a Claim upon which Relief Can Be Granted.

        The defendants argue that the Court should dismiss the plaintiff's retaliatory

discharge claim under the FLSA (Count III) as well because they claim that the FLSA

does not apply to them and the plaintiff is not considered an employee to whom the

FLSA's standard hourly compensation would apply.  See Defendants' Motion to Dismiss

(DE# 22 at ¶51-53; 5/11/09).  For the reasons set forth above, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331.  The defendants' Fed. R. Civ. P.

12(b)(1) motion to dismiss for lack of subject matter jurisdiction with respect to the

retaliation claim (Count III) of the plaintiff's Amended Complaint (DE# 4) is **DENIED**.

        A prima facie case of retaliatory discharge under the FLSA requires a plaintiff to

demonstrate that "(1) she engaged in activity protected under [the] act; (2) she

subsequently suffered adverse action by the employer; and (3) a causal connection

14

existed between the employee's activity and the adverse action."  Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th. Cir. 2000) (quoting "Richmond v. ONEOK, Inc., 120 F.3d 205, 208-09 (10th Cir. 1997)).  In the instant matter, in his Amended Complaint (DE#  4; 2/06/09), the plaintiff alleged that he filed an overtime wage complaint against the defendants on January 21, 2009.  The plaintiff further alleged that, on February 4, 2009, the defendants informed the plaintiff that they knew of his overtime wage complaint and immediately fired the plaintiff.  See Plaintiff's Amended Complaint (DE# 4 at ¶24; 2/06/09).  Finally, the plaintiff contends that the motivating factor for the defendants' firing of him was his filing of his overtime complaint. See Id. (DE# 4 at ¶26; 2/06/09).  Accepting these well pled facts as true and construing them in the light most favorable to the plaintiff, the Court must find that the plaintiff has stated a claim upon which relief can be granted.  See Caravell v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D.  Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)).  As such, the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED** with respect to Count III (retaliatory discharge) of the plaintiff's Amended Complaint (DE# 4).

V.  An Individual Corporate Officer Is Subject to Liability under the FLSA

    Finally, the defendants request that Ambrosina S. Martinez be dismissed as a named defendant.  See Defendant's Motion to Dismiss and for Other Relief (DE# 22 at ¶49; 5/11/09).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an

employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." <u>Patel v. Wargo</u>, 803 F.2d 632, 638 (11th Cir. 1986) (quoting <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1511 (1st Cir. 1983)).  The allegations in the amended complaint assert that all the individual defendants, including Ambrosina S. Martinez, were "the president/vice president or other corporate officers of the Corporate Defendant for the relevant time period and ran the day to day operations of the Corporate Defendant."  Plaintiff's Amended Complaint (DE# 22 at ¶4; 2/06/09).  Taking the plaintiff's well pled facts as true, Ambrosina S. Martinez would be an employer for the purposes of the FLSA, and would therefore be jointly and severally liable for the plaintiff's unpaid overtime claim.  As the plaintiff has met the pleading requirements under Fed. R. Civ. P. 8, it would be improper to dismiss the named defendant, Ambrosina S. Martinez, before the discovery process can shed some light on whether she has the requisite level of operational control to be considered an employer under the FLSA.  Accordingly, the defendants' motion to dismiss with prejudice the action against defendant Ambrosina S. Martinez is **DENIED**.

<u>**CONCLUSION**</u>

Accordingly, it is ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss and for Other Relief and Memorandum of Law in Support thereof Pursuant to Rule 12(b)(1) and (6) and Response to Plaintiff's Statement of Claim (DE# 22; 5/11/09) is **DENIED** without prejudice to raise the issues in a motion for summary judgment after

discovery is conducted.

        DONE AND ORDERED in Chambers at Miami, Florida this <u>13th</u> day of July,

2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record